UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| LARRY WEBSTER,<br>　　　Plaintiff,<br><br>v.<br><br>DR. BALA DAVULURI,<br>　　　Defendant. | §<br>§<br>§<br>§　　C.A. NO. 6:24-CV-0294-ADA-JCM<br>§<br>§<br>§<br>§ |

**ORDER**

Before the Court is Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 2). For the following reasons, the Court **ORDERS** that Plaintiff's Motion to Proceed in Forma Pauperis be **GRANTED**. The Court further **RECOMMENDS** that Plaintiff's claim be dismissed as frivolous.

## I.   DISCUSSION

The Court may grant in forma pauperis status to an indigent litigant "who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court has limited discretion to deny such an application based on the litigant's financial information. *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 337 (1948).

The Court must consider whether paying filing fees and court costs will cause undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court must review the litigant's financial resources as well as expenses and whether those expenses are discretionary or mandatory. *Id.* Courts may look to where the litigant's reported income is in relation to applicable poverty guidelines. *See, e.g., Mann v. City of Moss Point*, No. 1:14cv237–KS–MTP, 2014 WL 4794544, at *2 (S.D. Miss. Sept. 25, 2014); *Williams v. Louisiana*, No. 14-

00154-BAJ-EWD, 2017 WL 3124332, at *2 (M.D. La. April 14, 2017); *Bruton v. Colvin*, No. 4:14–CV–083–A, 2014 WL 840993, at *1 (N.D. Tex. Mar. 4, 2014).

Here, Plaintiff reports his monthly gross income to be $483. Mot. at 2. The applicable poverty guideline for a family of four is $31,200. U.S. Department of Health & Human Services, Office of the Assistant Secretary for Planning and Evaluation, *U.S. Federal Poverty Guidelines Used to Determine Financial Eligibility for Certain Programs*, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited May 31, 2024). Plaintiff's annual household income totals $5,796. Plaintiff's application shows that having to pay his filing fee would cause him undue financial hardship.

Once IFP status is conferred, 28 U.S.C.A. § 1915(e)(2)(B)(i) allows dismissal of an action if it is frivolous. *See* 28 U.S.C.A. § 1915(e)(2)(B)(i). A complaint is frivolous if it "lacks an arguable basis either in fact or in law." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Plaintiff sues Defendant for medical malpractice. *See generally* Pl.'s COmpl. (ECF No. 1); Pl.'s Civil Cover Sheet (ECF No. 1-1). Plaintiff alleges that Defendant Dr. Davuluri is an individual residing in McLennan County, Texas. Pl.'s Civil Cover Sheet. Plaintiff also asserts that this Court's jurisdiction is based on having a U.S. Government Defendant. *Id.* Not once in Plaintiff's 44-page Complaint does he identify any fact which could establish that Dr. Davuluri is a government defendant.

Plaintiff also does not plead facts establishing federal question jurisdiction. Plaintiff apparently brings his claims against Defendant under Colorado law despite all relevant conduct occurring in Waco, Texas. Pl.'s Compl. at 7. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal question exists "only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008). Here, Plaintiff's complaint does not establish that a federal law creates his causes of action or that his right to relief necessarily depends on resolution of a substantial question of federal law. Thus, this Court does not have federal question jurisdiction over this matter.

The Court also does not have jurisdiction over this cause under diversity of citizenship jurisdiction. Federal courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and is between citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(2). Diversity jurisdiction requires complete diversity of citizenship, meaning that a court lacks jurisdiction over a case in which one of the plaintiffs shares the same state citizenship as any one of the defendants. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citations omitted). Here, Plaintiff claims to be a resident of Texas and claims that the defendant, Dr. Davuluri, is also a Texas resident. Pl.'s Civil Cover Sheet. The Court lacks jurisdiction because of the lack of complete diversity of citizenship.

## II. CONCLUSION

For the reasons explained above, the Court **ORDERS** Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 2) be **GRANTED.** The Court further **RECOMMENDS** that Plaintiff's claim be dismissed as frivolous.

**SIGNED this 3rd day of June 2024.**

_____
**JEFFREY C. MANSKE**
**UNITED STATES MAGISTRATE JUDGE**